```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                          Criminal No. 08-cr-98-JD
                                              Opinion No. 2011 DNH 156

Candice Emra

O R D E R

While serving a sentence for bank robbery, Candice Emra, proceeding pro se, filed a motion asking the court to recommend to the Bureau of Prisons that she be placed in a Residential Re-entry Center ("RRC"), pursuant to 18 U.S.C. § 3621(b) and 42 U.S.C. § 17541, for up to twelve months before she is released from custody. The court directed the government and the United States Probation Officer to respond to Emra's motion, which they have done.

Emra pleaded guilty to conspiracy and bank robbery on November 10, 2008, and was sentenced to sixty-three months of imprisonment with three years of supervised release. Judgment was entered on March 10, 2009. The court recommended that Emra participate in an intensive drug education and treatment program but made no recommendation with respect to Emra's eventual placement in an RRC.

During her incarceration, Emra has completed a 500 hour drug treatment program.[1]  The government represents that Emra is incarcerated at FCI Danbury, Connecticut, and is scheduled to be released on January 9, 2013.[2]

Emra argues that she qualifies for and should be recommended for early placement in an RRC pursuant to § 3621(b) and § 17541. The Probation Officer states that Emra's case manager at FCI Danbury explained that Emra's conviction of a violent crime, bank robbery, precludes her from an early RRC placement but that she will receive residential re-entry assistance during the last six months of her sentence.  In its response, the government contends that the court lacks authority to recommend an RRC placement, because that is a discretionary function of the Bureau of Prisons.

Although no jurisdictional issue was raised by the government, the court has an independent obligation to determine the basis of its jurisdiction to decide this matter.  See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).  As another court has expressed, cases challenging placement by the Bureau of

---

[1] Emra states in support of her motion that she has also completed skill developing programs while in prison.

[2] In her motion, Emra states that as of August 19, 2011, she had eleven months left in her sentence.

Prisons raise a "gateway issue" of jurisdiction.  <u>Putnam v. Winn</u>, 441 F. Supp. 2d, 253, 254 (D. Mass. 2006).

To the extent Emra is seeking to correct her sentence, her request is too late.  Fed. R. Crim. P. 35.  The court lacks jurisdiction to correct a sentence after the time allowed by Rule 35.  <u>United States v. Griffin</u>, 524 F.3d 71, 83 (1st Cir. 2008).

Bureau of Prison placement decisions cannot be challenged under the Administrative Procedures Act.  18 U.S.C. § 3625; <u>see also, e.g.</u>, <u>Murray v. Bledsoe</u>, --- F.3d ---, 2011 WL 2279428, at *1, n.1 (3d Cir. June 10, 2011); <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1227 (9th Cir. 2011).

If Emra intended to challenge her sentence by seeking a writ of habeas corpus, this court lacks jurisdiction to consider her request because she is incarcerated in Danbury, Connecticut.  28 U.S.C. § 2241(a) & § 2243; <u>Rasul v. Bush</u>, 542 U.S. 466, 478-79 (2004); <u>Vasquez v. Reno</u>, 233 F.3d 688, 690-91 (1st Cir. 2000); <u>see also</u> <u>United States v. Pena</u>, 84 Fed. Appx. 118, 120 (2d Cir. 2003).  The motion is not directed to her custodian and Emra's intent is unclear.  Therefore, the court concludes it would not be in the interests of justice to transfer the matter to a court that would have jurisdiction.  <u>See</u> 28 U.S.C. § 1631.

Conclusion

For the foregoing reasons, the defendant's motion (document no. 22) is denied for lack of jurisdiction.

SO ORDERED.

                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

September 29, 2011

cc: Michael T. McCormack, Esquire
     Terry L. Ollila, Esquire
     Candice Emra, pro se